**PROVIDENT LIFE & ACCIDENT IN-SURANCE CO., a Corporation, Plaintiff/Counter–Defendant—Appellee,**

v.

**Wayne N. FLEISCHER, Defendant/Counter–Plaintiff–Appellant.**

**Rosemarie Fleischer, as Conservator for Wayne N. Fleischer, Plaintiff–Appellant,**

v.

**Paul Revere Life Insurance Company, Defendant–Appellee.**

**Nos. 99–56866, 00–56193. D.C. Nos. CV–96–00791–ABC, CV–97–00046–ABC.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2001.

Decided Aug. 30, 2001.

Before WALLACE, HALL, and TROTT, Circuit Judges.

MEMORANDUM *

Wayne Fleischer appeals the district court's orders granting summary judgment in favor of Provident Life Insurance Company ("Provident") and Paul Revere Life Insurance Company ("Paul Revere"). We have jurisdiction under 28 U.S.C. § 1291. We conclude that, as a matter of law, Fleischer suffers from a legal rather than a factual disability, and that he was therefore not entitled to coverage under the policies. Accordingly, we AFFIRM the decisions of the district court.

## DISCUSSION

### 1. Standard of Review

We review de novo a district court's decision to grant summary judgment. We must determine whether the non-moving party has raised a genuine issue of material fact such that a trial is necessary, and whether the district court correctly applied the substantive law. *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir.1999) (en banc). We review for an abuse of discretion a district court's decision to admit or exclude expert testimony under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999); *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 879 (9th Cir.2000).

### 2. Analysis

Because the parties are familiar with the facts of this case, we repeat them here only as necessary to explain our decision.

▇ An insured is not entitled to disability benefits under an insurance policy if his inability to work is due to a legal disability rather than a factual disability. *See Allmerica Fin. Life Ins. & Annunity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir.1997); *Goomar v. Centennial Life Ins. Co.*, 76 F.3d 1059 (9th Cir.1996). Insureds who lose their professional licences due to criminal activities, or who cannot work because they are incarcerated are generally viewed as suffering from legal disabilities. *See Llewellyn*, 139 F.3d at 666 (chiropractor who lost his licence due to fraudulent activities suffered from a non-covered legal disability); *Goomar*, 76 F.3d at 1063 (physician who was barred from practicing because he had molested patients not entitled to disability payments).

As in *Llewellyn* and *Goomar*, Fleischer's inability to work stems from the consequences of his own criminal acts, and not from any mental disorder. Fleischer is unable to work because he is incarcerated and has lost his professional licence, not because he is depressed. As his own doctors testified, his depression was caused by his legal difficulties and his incarceration. Dr. Matlin held firm to this opinion even after he determined that Fleischer had bipolar disorder rather than mere depression. Fleischer's attempt to recharacterize his mental illness as longstanding bipolar disorder does not help his case. Even if we assume for the sake of argument that he has had bipolar disorder since the 1970s, that disorder was not disabling. To the contrary, Fleischer has worked continuously since his problems with bipolar disorder supposedly began. As in *Goomar*, the fact that Fleischer's bipolar disorder did not prevent him from working warrants summary judgment. *See Goomar*, 76 F.3d at 1063. And, as the district court correctly concluded, Fleischer is not entitled to disability benefits simply because

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

his conviction did not take place until after his most recent bout of depression began, because the undisputed facts demonstrate that he worked for several months after his initial arrest in June of 1993.

█ Fleischer cannot recover even if we assume that California law would allow an insured to recover disability benefits where his inability to work is caused by the consequences of his own criminal conduct, if that criminal conduct is in turn caused by a mental illness. Fleischer has not submitted any reliable evidence that his mental illness-be it depression or bipolar disorder-caused him to engage in criminal behavior. The only evidence he did submit in support of this notion was the report of Dr. Long. Even if Dr. Long's diagnosis that Fleischer suffers from bipolar disorder were admissible, the conclusion that the bipolar disorder caused Fleischer to engage in criminal activities was properly excluded under Rule 702, *Daubert*, and *Kumho Tire*.

Dr. Long did little more than baldly state that Fleischer's bipolar syndrome caused him to steal from his clients and credit card companies. The report offers absolutely no foundation for the conclusion that bipolar disorder caused Fleischer to engage in criminal activity. Nor does it explain what, if any, scientific studies or principles support that conclusion. The report does not explain *how* bipolar syndrome causes criminal behavior, or even assert that as a statistical matter, sufferers of bipolar syndrome commit more crimes than other individuals. Fleischer has not even attempted to argue that any of the factors discussed in *Daubert* support the idea that bipolar syndrome can cause its sufferers to engage in criminal activity. There is a great deal of difference between exhibiting poor judgment and engaging in intentional theft and fraud, and the report makes no effort to bridge this gap. Therefore, at least with respect to the critical conclusion that Fleischer's bipolar syndrome caused his criminal acts, the district judge did not abuse her discretion by refusing to admit the Long report. Fleischer has submitted no other evidence suggesting that his depression or bipolar disorder could have caused him to commit theft and fraud, and summary judgment in favor of the Insurers was therefore appropriate.

Because we conclude that Fleischer was not entitled to coverage under the policies, his claim that Provident and Paul Revere breached the covenant of good faith and fair dealing in handling his claim is necessarily foreclosed, as is his argument that he is entitled to punitive damages. *See Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 389–90, 900 P.2d 619 (1995) (no liability for bad faith breach of an insurance contract where the insurer is not contractually liable). **AFFIRMED.**